IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3023-BO

CHARLES MICHAEL CASSELL, III )
    Plaintiff, )
)
v. ) **ORDER**
)
OFFICER MONROE, et al., )
    Defendants. )

On March 1, 2010, Charles Michael Cassell, III ("plaintiff") filed a civil rights suit in this district, Cassell v. Monroe, et al., No. 5:10-CT-3023-BO (hereinafter "Cassell # 1"). On June 10, 2010, the clerk's office received a filing, docketed it as a separate civil rights suit, and opened a second case, Casselll v. Monroe, 5:10-CT-3094-BO (hereinafter "Cassell # 2"). It was a clerical mistake to open Cassell # 2, and under Rule 60(a) the Clerk voided and vacated Cassell # 2 in its entirety and incorporate the filings in Cassell # 2 into Cassell # 1 in chronological order.

The action, while difficult to understand as well as voluminous, arises from the alleged beating of plaintiff by defendant Officer Monroe on January 22, 2008, and February 22, 2008. Plaintiff further alleges deliberate indifference to his medical care and intentional interference with his mail.

Now before the court are several motions which are as follows: "Amendment for Damages also Extraordinary Motions and/or Whatever This Court Deems Fit" (D.E. # 22), "Amendment for Damages & Clarification & Multi Purpose Motion for Counsel, Private Investigator, Order for All, Including Legal Materials to be Supplied the Plaintiff [sic]" (D.E. # 23), "Plaintiff's Motion for Partial Discovery & Issuance Compelling Discovery" (D.E. # 34), "Amendment for Damages & Clarification & Multi Purpose Motion for Counsel, Private Investigator, Order for All, Including

Legal Materials to be Supplied the Plaintiff [sic]" (D.E. # 35)

In that the motions seek discovery, they are DENIED. The motions fail to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which states that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Cassell's motions also fail to comply with Local Civil Rule 7.1(d), E.D.N.C., which requires that his motion be accompanied by a supporting memorandum. Further, it is likely defendants will serve him with the relevant prison and medical records when they serve their dispositive motions. If, after pursuing the proper avenues to obtain the information as well as receiving the records within defendants filings, Cassell seeks additional relevant information, he may properly re-submit his motion to compel for the court's consideration. Cassell's motions for discovery are denied.

In that the motions seek to add a monetary award of damages to the complaint, the court ALLOWS the request.

In that the motions seek appointment of counsel, the motions are DENIED. There is no constitutional right to counsel in civil cases. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent litigant. However, under the statute, a court cannot force an attorney to accept an appointment. Court intervention to procure representation is typically reserved for cases presenting "exceptional circumstances," determined by examining the claims and the litigant's abilities. Presently, this court finds that no exception circumstances exist.

Also before the court is the "Notice to Counsel of Failure to Make Service within 120 Days" and response thereto. (D.E. # 44 and # 45) The Marshal's attempts to serve P.A. Williams, Officer

2

Case 5:10-ct-03023-BO   Document 52   Filed 06/15/11   Page 2 of 3

Blow, Officer Conner, Officer Gragainis, P.A. Leggett, Officer Monroe, and J. Winebarger were returned unexecuted. (D.E. # 25, 26, 33) An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the Marshal for service of summons and complaint. Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). Typically, the plaintiff must provide the necessary information and documentation to effect service. Id. In this case, plaintiff does not appear to know defendants' full names or addresses, nor does he have the means by which to ascertain this information.

It is likely the Attorney General has access to the necessary information. To facilitate this matter on the merits, the Attorney General is ORDERED to provide the court with the full names and last known addresses of P.A. Williams, Officer Blow, Officer Conner, Officer Gragainis, P.A. Leggett, Officer Monroe, and J. Winebarger. If the party defendant is no longer employed by the Department of Correction, the requested information shall be provided under seal and will be disclosed only to the relevant court personnel, the United States Marshal, and any of the Marshal's deputies or employees engaged in providing service of process. The information shall be provided within 14 days of the filing day of this order.

Accordingly, the motions for discovery and appointment of counsel are DENIED (D.E. # 22, 23, 34, and 35) are DENIED. Plaintiff's motion to amend to seek monetary damages is ALLOWED (same). Lastly, the Attorney General is ORDERED to provide the information explained and set out in the preceding paragraph within 14 days of the filing of this order.

SO ORDERED. This the 15 day of June 2011.

TERRENCE W. BOYLE
United States District Judge